IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lee Reddock, #270080, | ) | Case No.: 4:25-cv-11448-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Micheal Edward Dunmore, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III (DE 9), issued pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), concerning the initial

review of Plaintiff Robert Lee Reddock's ("Plaintiff") pro se Complaint. (DE 1.)[1]

## A.    Background

The Report sets forth the relevant factual allegations and governing legal

standards, which the Court incorporates herein by reference.

In brief, Plaintiff was convicted of armed robbery in South Carolina state court,

where the State presented evidence that he acted as an accomplice to the offense. (DE

11-1.) The trial court instructed the jury on accomplice liability under the "hand of

one is the hand of all" doctrine. (DE 12-1.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff contends that the evidence presented at trial was insufficient to support his conviction under an accomplice liability theory, that the testifying officer committed perjury, and that he is ultimately innocent. (DE 11.) Rather than directly challenging his conviction, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the officer's testimony violated his rights to a fair trial and due process. (DE 1.)

**B.    Report and Recommendation**

The Magistrate Judge issued the Report on September 15, 2025. (DE 9.) After conducting the required initial screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Magistrate Judge recommends dismissal of Plaintiff's Complaint without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted.

The Report concludes that Plaintiff's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in Plaintiff's favor would necessarily imply the invalidity of his underlying conviction, which has not been set aside. The Magistrate Judge further concludes that, to the extent any claims are not barred by *Heck*, they are untimely under the applicable statute of limitations. Finally, the Report finds that Defendant is entitled to absolute immunity for his testimony at Plaintiff's criminal trial. See *Mathis v. Goldberg*, 538 F. App'x 310, 311 (4th Cir. 2013) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).

Plaintiff filed objections on October 3, 2025.[2] (DE 11.)

---

[2]    Although Plaintiff's objections, filed October 3, 2025, are untimely, the Court finds that the delay is attributable to excusable neglect under Federal Rule of Civil Procedure

2

**C.      Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—*factual and legal*—that are at the heart of the parties' dispute.'"*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.      Plaintiff's Objections**

Plaintiff raises several objections to the Report. (DE 11.) These objections largely consist of handwritten submissions reiterating his allegations that his rights to a fair trial and due process were violated by the arresting officer's allegedly false testimony at trial. (*Id.*)

As an initial matter, Plaintiff states that he "retract[s] [his] request for a new trial [without] deputy officer, the personal recognizance bond [and] monetary

---

6(b)(1)(B). (DE 11.) Plaintiff did not receive the Report and Recommendation until September 29, 2025—the same day objections were due. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (recognizing that "excusable neglect" may encompass circumstances beyond a party's control, particularly where the litigant is incarcerated).

damages," and instead "just want[s] to see [the Defendant] brought up on those charges." (*Id.*) Liberally construed, Plaintiff seeks to have Defendant criminally prosecuted for perjury; however, a private citizen has no judicially cognizable interest in the criminal prosecution of another.

Plaintiff further contends that he should not have been charged or convicted under an accomplice liability theory, that the jury's verdict is unsupported by the evidence, and that he would be exonerated if granted a new trial without the deputy's testimony. (*Id.*) Plaintiff also indicates that he is awaiting assistance from counsel in pursuing his legal claims.[3] (*Id.*)

Liberally construed, these objections challenge the factual and constitutional basis for Plaintiff's conviction and continued confinement.[4] However, they do not address, much less undermine—the Magistrate Judge's legal conclusions regarding the viability of Plaintiff's claims under 42 U.S.C. § 1983.

---

[3]    Although Plaintiff indicates that he "expected" to be appointed counsel (DE 11), there is no constitutional right to appointed counsel in civil cases. Appointment under 28 U.S.C. § 1915(e)(1) is discretionary and warranted only in "exceptional circumstances," which depend on the complexity of the case and the litigant's ability to present his claims. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Jenkins v. Woodard*, 109 F.4th 242, 252–54 (4th Cir. 2024).

Plaintiff's assertion that he does not "know or understand how law works" (DE 11 at 1) does not constitute such circumstances. He has demonstrated the ability to articulate his claims, and, in any event, because this action is subject to dismissal at the screening stage as a matter of law, appointment of counsel would not alter the outcome.

[4]    The Court is required to liberally construe pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pleadings are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, liberal construction does not permit the Court to ignore a clear failure to allege facts sufficient to state a claim cognizable in federal court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Most fundamentally, Plaintiff does not demonstrate that his underlying conviction has been reversed, expunged, declared invalid, or otherwise called into question by a writ of habeas corpus. This failure is dispositive. Under *Heck v. Humphrey*, a plaintiff may not pursue a § 1983 claim for damages where success would necessarily imply the invalidity of an outstanding criminal conviction. 512 U.S. 477, 486–87 (1994). Because Plaintiff's claims, if successful, would necessarily undermine the validity of his conviction, they are not cognizable under § 1983 unless and until that conviction has been invalidated. Accordingly, Plaintiff's objections on this ground are overruled.

In light of this conclusion, the Court need not address the Magistrate Judge's alternative determinations regarding the statute of limitations and witness immunity. Even if considered, Plaintiff's objections do not meaningfully address those independent grounds for dismissal. His submission of portions of the state court record reflects an attempt to relitigate the sufficiency of the evidence supporting his conviction—an issue not properly before this Court in a § 1983 action. (DE 12-1 at 16.)

The Court expresses no opinion as to the validity of Plaintiff's state court conviction. Rather, the Court concludes only that Plaintiff's Complaint fails to state a claim upon which relief can be granted in this action. Because Plaintiff has not shown that his conviction has been invalidated, dismissal without prejudice is appropriate.

In sum, Plaintiff's objections reflect disagreement with the outcome of his criminal proceedings but do not identify any legal or factual error in the Report. The objections are therefore overruled.

**E.    Conclusion**

After a thorough review of the Report and the record, the Court finds no clear error. The Court adopts the Report (DE 9) and incorporates it herein by reference.

Accordingly, it is ORDERED that Plaintiff Robert Lee Reddock's claims under 42 U.S.C. § 1983 are DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted. This dismissal is without issuance and service of process and without leave to amend, as an amendment would be futile.

**IT IS SO ORDERED**.

Florence, South Carolina
March 20, 2026

Joseph Dawson, III
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.